# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
# IN AND FOR PALM BEACH COUNTY, FLORIDA

Crystal Harris,

                Plaintiff,

vs.

CELLCO PARTNERSHIP DBA VERIZON WIRELESS

                Defendants.

_____/

CASE NO.:**50-2021-CA-003334-XXXX-MB**
DIVISION: **Circuit Civil Central**

*E. M Baca SH*
*SPS # 703*
*6-4-21 @ 2:30pm*

## SUMMONS:
## ORDEN DE COMPARECENCIA:
## CITATION:

TO/PARA/A:       **CELLCO PARTNERSHIP DBA VERIZON WIRELESS**
               **C/O Registered Agent CT CORPORATION SYSTEM**
               **1200 South Pine Island Road**
               **Plantation, FL 33324**

               **OR**

               **CELLCO PARTNERSHIP DBA VERIZON WIRELESS**
               **One Verizon Way Building 3, Floor 4W**
               **Basking Ridge, NJ 07920**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court.

A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

     **Ligon Law Group, LLC d.b.a. PrettySMART Law**
     **100 Biscayne Blvd. #1114**

**Miami, FL 33132**

If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and Email Address).

### IMPORTANTE

Usted ha sido demandado legalmente, Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo rotegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.
Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

**Ligon Law Group, LLC d.b.a. PrettySMART Law**
Attn: Shannon A. Ligon, Esq
100 Biscayne Blvd. #1114
Miami, FL 33132
Phone: 888-779-7426 Email: PrettySMARTLaw@gmail.com

### IMPORTANT

Des poursuites judiciaries ont ete enterprises contre ous. Vous avez 20 jours consecutifts a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite, avec mentin du numero de dossier ci-dessus et du nom des paties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

> **Ligon Law Group, LLC d.b.a. PrettySMART Law**
> Attn: Shannon A. Ligon, Esq
> 100 Biscayne Blvd. #1114
> Miami, FL 33132
> Phone: 888-779-7426 Email: PrettySMARTLaw@gmail.com

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

**Jun 01 2021**

JOSEPH ABRUZZO

CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk   **JOSIE LUCCE**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>CRYSTAL HARRIS</u>
Plaintiff                                                        Case # _____
                                                                 Judge  _____

vs.
<u>CELLCO PARTNERSHIP dba VERIZON WIRELESS</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>10</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Shannon Ligon</u>          Fla. Bar # <u>59191</u>
         Attorney or party              (Bar # if attorney)

<u>Shannon Ligon</u>               <u>03/11/2021</u>
  (type or print name)          Date

**IN THE CIRCUIT COURT**
**OF THE 15TH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

CRYSTAL HARRIS,                                      CASE NO.:

     Plaintiff,
     v.

CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

     Defendant.
_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

     COMES NOW, Crystal Harris ("Plaintiff" or "HARRIS"), by and through her undersigned counsel, hereby commences this action against CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, and states as follows:

### JURISDICTION AND PARTIES

1. This court has jurisdiction since the matter in controversy exceeds the sum of $30,000.00, exclusive of interest, attorney's fees, and costs.

2. Plaintiff, Crystal Harris, is an individual who resides in Palm Beach County, Florida.

3. Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, is a foreign, for profit corporation authorized to do business in Florida.

4. The acts or omissions, complained of herein occurred in Palm Beach County, Florida, more specifically at VERIZON's store located at 2615 Okeechobee Blvd., West Palm Beach, Florida 33409.

5. Jurisdiction of this Court is invoked pursuant to Chapter 760.11, Florida Statutes. Additionally, the unlawful employment practices alleged herein occurred in Palm

Beach County, Florida, and venue over this action appropriately lies with this Court.

6. Venue is proper in this jurisdiction because, among other reasons, the parties reside in and/or do business in said jurisdiction, and the causes of action herein occurred in the State of Florida.

7. At all times material hereto, VERIZON was and continues to be an employer within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

8. At all times material hereto, VERIZON was and continues to be an employer within the meaning of Section (701)b of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) ("Title VII").

9. Under 42 U.S.C. § 1981 ("§ 1981"), the Florida Civil Rights Act of 1992, Section 760.10 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) ("Title VII"), Florida law §448.02 and other applicable jurisprudence and law; Harris seeks damages for injuries suffered as a result of VERIZON exposing her to discrimination based on race, color, gender, and sexual orientation, a hostile work environment, retaliation, negligent retention, and negligent infliction of emotional distress, and because of her persistent complaints of discrimination, and wrongful discharge arising out of Defendants' unlawful employment practices.

10. HARRIS has complied with all statutory prerequisites to file this action. All conditions precedent to jurisdiction under Chapter 760.11, Florida Statutes have occurred or have been complied with.

2

11. On or around June 6, 2019, HARRIS, dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Case number 10186854 and EEOC Charge Number: 510-2019-02255. **(Exhibit A).**

12. Under the FCRA, an EEOC filing automatically operates as a dual Florida Commission on Human Relations filing.

13. On or around March 14, 2020, HARRIS received the EEOC's Right to Sue Letter in reference to her EEOC charge. **(Exhibit B).**

14. Due to COVID-19 and other circumstances, the parties agreed to toll the deadline to file this complaint, thus, it is timely filed.

## ALLEGATIONS COMMON TO ALL COUNTS

15. This action seeks to correct and remedy VERIZON's unlawful employment and to make whole and compensate Plaintiff for the damages she has suffered as a result of VERIZON's unlawful employment practices.

16. VERIZON unlawfully discriminated and retaliated against HARRIS based on her race, color, gender, and sexual orientation.

17. HARRIS is a black, African American, lesbian woman.

18. At all material times, VERIZON is an American telecommunications company which offers wireless products and services.

19. In or around June 2014, VERIZON hired HARRIS and she began working for VERIZON in Huntsville, Alabama.

20. In or around June 2018, VERIZON promoted Plaintiff and transferred her from a store in Huntsville, Alabama to West Palm Beach, Florida. This promotion was part of the company's 'Women of Wireless in Leadership Development Program'.

21. At all material times before the abovementioned move, Plaintiff had an excellent employment record with no significant history of disciplinary, attendance, or performance issues.

22. In June 2018, Plaintiff transferred to her new Florida location in West Palm Beach, where she worked as a Solutions Manager. Her duties and responsibilities were as follows:

   a. "Support the delivery of the ultimate customer experience by working with your solutions sales team on the sales floor to manage customer wait times, resolve customer issues, and assist with customer transactions.
   b. Model excellent customer service by demonstrating and holding your team accountable for developing product expertise and providing the highest levels of professionalism and courtesy to all customers.
   c. Manage store merchandise and layout to align with store merchandising plans, and effectively manage, assess and track your team s performance, including meeting and exceeding assigned quotas, and implementing development plans for any existing skill gaps.
   d. Provide ongoing development, training, and coaching that inspires and motivates your team.
   e. Optimize the customer and employee experience and maintain the health of daily and long-term store functions, including analyzing store staffing needs, providing hiring and promotion decisions, reporting financial and sales status, managing cash and inventory levels, and ensuring that compliance, sales, and retention objectives are met."

23. At all material times, HARRIS was the only black female and only black LGBTQ female in the Florida location she worked at. Moreover, she worked alongside a small number of females in leadership roles.

4

24. At all material times, CHASE CHIAMARDAS was one of Plaintiff's coworkers while working for VERIZON. He was a Caucasian male employee and understood to be heterosexual.

25. At all material times, ANDREW SHEETS was one of Plaintiff's coworkers while working for VERIZON. He is a Caucasian male employee and understood to be heterosexual.

26. At all material times, VERNON EARLY was one of Plaintiff's coworkers while working for VERIZON. He is a Caucasian male employee and understood to be heterosexual.

27. At all material times, LASAUN DAVIS was a general manager and one of Plaintiff's supervisors while working for VERIZON. He is an African American male employee and understood to be heterosexual.

28. At all material times, BRANDON POE was District Manager and one of Plaintiff's supervisors while working for VERIZON. He is a Caucasian male employee and understood to be heterosexual.

29. At all material times, JORGE ZAPATA was director and one of Plaintiff's supervisors while working for VERIZON. He is a Hispanic male employee and understood to be heterosexual.

30. At all material times, KWAME TROTAN was one of Plaintiff's supervisors while working for VERIZON. He is an African American male employee and understood to be heterosexual.

5

31. The male employees of VERIZON, CHIAMARDAS, SHEETS, EARLY, DAVIS, POE, ZAPATA, and TROTAN, are hereinafter referred to as the "**comparators**."

32. During HARRIS' employment with VERIZON in Florida, she witnessed several occasions where VERIZON employees, unlawfully discriminated their own employees and made sexist comments to minorities. By way of example, Defendant VERIZON's male employees and supervisors—who were generally non-African American, not black, and heterosexual—frequently discriminated against women, African American, black employees, and/or non-heterosexual employees in the workplace. In such instances, such harassers would refer to minorities with hurtful epithets, make discriminatory comments and refer to black and/or African American employees as "**ghetto**". These comments shocked and greatly offended Harris.

33. At all material times, VERIZON'S male employees did not make similar comments to VERIZON's other male employees.

34. Because of HARRIS' race, color, gender, and sexual orientation, VERIZON routinely subjected HARRIS to overly strict reprimands for failing to come into the store on time, and other trivial or false allegations. In contrast, comparators—men—would act in the aforementioned manner, VERIZON would choose not to enforce their policy and they were not unfavorably reprimanded.

35. At all material times, unlike her comparators, VERIZON did not provide the same benefits, resources, or accommodations, such as the use of company vehicles for work events to Plaintiff.

6

36. At all material times, unlike her comparators, VERIZON would often exclude HARRIS from company engagements that were beneficial to increase her work skill set and would have led to tangible career benefits, such as raises and promotions.  Thus, Harris was not as adequately trained in certain areas like her comparators were.

37. At all material times, VERIZON failed to: (1) adequately train and support HARRIS, (2) supply her store with the resources necessary to operate properly, (3) properly staff the store with enough employees, (4) create a schedule for the store that would comply with the company's 'Two-Person Policy" and (5) safeguard HARRIS' safety by allowing her to work alone and open the store alone in violation of their own policy.

38. All of the above failures and discriminatory acts by VERIZON were beyond HARRIS' control and VERIZON was well aware of their conduct and how their failures negatively affected HARRIS.

39. With the intention to set up HARRIS for termination, VERIZON placed her on nine (9) months of probation. Plaintiff's male comparators and other males of the same position were not placed on probation or retaliated against, nor were these comparators eventually terminated.

40. At all material times, VERIZON would routinely deviate from its own company policies when it came to comparators that were similarly situated to HARRIS.

41. When it came to HARRIS, VERIZON ruled with an iron fist. She would be blamed for certain events, even if she was not at fault. By way of example, VERIZON's

failure to adequately train and support her store with the resources to properly staff and schedule her stores casually created violations in the security procedures while doing so for other stores in the area.

42. At all material times, VERIZON failed to provide company resources and staff to HARRIS because she was the only African American black female and only African American black LGBTQ female.

43. When Plaintiff grasped the biased treatment toward her, she made several attempts to resolve the issues internally at VERIZON by complaining of the above unlawful discrimination to General Manager DAVIS, District Manager POE, Director ZAPATA, and Regional HR Manager KEENAN.

44. On or around November 2018 thru February 22, 2019, Plaintiff made complaints to VERIZON'S personnel and her managers.

45. Throughout 2018 to 2019, VERIZON denied HARRIS of equitable treatment and submitted her to frequent hostile comments by VERIZON's employees and supervisors on account of her race, color, gender and sexual orientation.

46. Due to the continuing sexual and inappropriate comments by VERIZON's employees, it appeared to HARRIS that Verizon had not taken adequate steps to prevent continued unlawful conduct by VERIZON.

47. Despite her many complaints, VERIZON'S, General Manager, DAVIS, District Manager, POE, Director, ZAPATA, and Regional HR Manager, KEENAN failed to provide reasonable assurances to Plaintiff that VERIZON would address her complaints. Furthermore, they did nothing to correct the situation.

8

48. VERIZON turned a blind eye, ignoring HARRIS' complaints by failing to act and correct the biased treatment she was receiving.

49. HARRIS exercised her right and complained regarding the discrimination she encountered. For this, she faced backlash and ugly commentaries from her co-workers. For example, male colleagues and/or supervisors commented, **"it's always a woman [who makes complaints]."**

50. VERIZON failed to properly staff, with sufficient employees, the store that HARRIS was employed at, only to argue that HARRIS was in violation of their "Two-Person Policy". VERIZON'S position was that since she was the only one working in the store at times, she was therefore in violation of the store security policy which required a minimum of two employees to be present at the store. VERIZON purposely failed to hire the number of employees required to be in the store and placed the blame on HARRIS even though the correction of the situation was out of her hands.

51. HARRIS was forced to work alone and on occasions open the store alone which made her fear for her safety. HARRIS communicated this to VERIZON on various occasions because not only did she fear for her safety, but to top it off she was in violation of VERIZON'S "Two-Person Policy" by being the only employee present. HARRIS thought that communicating this to VERIZON would be an effective way to correct both situations but she was wrong. VERIZON offered no alternative to HARRIS. Either she didn't show up to work or she continued opening the store alone when she was the only employee on the schedule for that day.

52. HARRIS' continued complaining to VERIZON about the discrimination she faced as well as the situation that VERIZON had her in, forcing her to open the store alone and constructing her to be in violation of their "Two-Person Policy". Instead of acting on HARRIS' complaints and worries, VERIZON opted to wrongfully write Plaintiff up for violating the "two-person policy" and proceeded to make other false allegations.

53. At all material times, VERIZON's District supervisors for HARRIS continued to fail to properly and adequately train HARRIS nor provided her with the proper support, employees, and resources that other stores and comparators were easily provided.

54. At all material times, Plaintiff received no adequate response or solution from VERIZON about her discrimination and safety complaints.

55. On or about February 22, 2019, **VERIZON terminated Plaintiff**.

56. At all material times, VERIZON terminated Plaintiff due to her race, color, gender, and sexual orientation and for making her discrimination complaints heard regarding VERIZON's unlawful activities.

57. At all material times, Plaintiff did not violate any company policy.

58. At all material times, Plaintiff did not act any differently than her male comparators or other managers of similar positions and as such, her termination was unwarranted and discriminatory.

59. At all material times, VERIZON terminated Plaintiff in retaliation for having exercised a protected activity and complaining of her discrimination and

10

harassment while employed. At all material times, Plaintiff complained about discrimination and harassment on the basis of her race (African American), color (black), gender (female), and sexual orientation (lesbian).

60. The above-mentioned paragraphs demonstrate the unlawful discrimination and retaliation to which VERIZON subjected HARRIS due to her race, color, gender and sexual orientation, and because she opposed the unlawful discrimination of VERIZON related to the above-protected classes, in violation of FCRA, and applicable state laws.

61. Through VERIZON'S repeated, continuous unlawful conduct, discrimination, retaliation, and unfair treatment, VERIZON subjected Plaintiff to an ongoing hostile environment, which lead to her termination.

62. At all material times, VERIZON knew or should have known of the company's repeated continuous unlawful conduct, discrimination, and unfair treatment as described above yet failed to correctly address and investigate HARRIS' complaints.

63. At all material times, VERIZON knew or should have known of the company's retaliatory tactics and that HARRIS' termination was a retaliatory act.

64. At all material times, VERIZON failed to adequately respond to the company's unlawful conduct and failed to prevent the retaliatory acts and HARRIS' termination.

65. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

11

66. At all material times, VERIZON's unlawful conduct interfered directly with HARRIS' employment performance.

67. At all material times, Plaintiff opposed and complained of VERIZON's ongoing discrimination, retaliation, and unlawful conduct.

68. As a result of VERIZON's actions, HARRIS felt extremely humiliated, degraded, victimized, embarrassed and severely emotionally distressed.

69. As a result of VERIZON's continued harassment, HARRIS suffered numerous injuries including physical, economic, and emotional damages.

70. As a result of the acts and conduct complained of herein, HARRIS has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails. HARRIS also suffers from future pecuniary loss, emotional pain, anxiety, depression, loss of sleep, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71. HARRIS further claims aggravation, activation, and/or exacerbation of any preexisting condition.

72. At all times material, VERIZON and its supervisors acted with deliberate indifference to the discrimination and retaliation HARRIS faced.

73. VERIZON's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against VERIZON.

**COUNT I: DISCRIMINATION**
**Discrimination in Violation of The Florida Civil Rights Act of 1992 [FCRA]**
**[AGAINST DEFENDANT]**

74. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

75. At all times relevant to this action, Plaintiff was and is a black African American lesbian woman.

76. At all material times throughout 2018 and 2019, Defendant VERIZON subjected HARRIS to unlawful discrimination at the workplace based on discriminatory conduct toward her and comments about the LGBTQ community, women, black persons, and African Americans.

77. The Florida Civil Human Rights Act makes it illegal for an employer to discriminate on the basis of race, color, religion, sex, national origin, age, handicap, or marital status.

78. At all material times throughout 2018 and 2019, VERIZON allowed their managers and employees to engage in discriminatory practices which resulted in HARRIS being subjected to a discriminatory environment in violation of FCRA.

79. At all material times, VERIZON's harassment of HARRIS was, in whole or in part because she is a black, African American, lesbian woman.

80. HARRIS is a member of a protected class; she was qualified for the position she held; was terminated, therefore suffering an adverse employment action. VERIZON treated HARRIS less favorably than all similarly situated non-black male employees, outside of her protected class.

13

81. At all material times, Defendant VERIZON is prohibited under the FCRA from discriminating against HARRIS because of her sex/gender, sexual orientation, race, and color with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

82. At all material times, VERIZON violated the FCRA by unlawfully discriminating against HARRIS based on her sex/gender, sexual orientation, race, and color.

83. HARRIS has been damaged by the illegal conduct of VERIZON.

**COUNT II: RETALIATION**
**In Violation of The Florida Civil Rights Act of 1992 [FCRA]**
**[AGAINST DEFENDANT]**

84. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

85. At all material times, Defendant VERIZON subjected HARRIS to unlawful discrimination at the workplace based on conduct toward her and inappropriate comments about the LGBTQ community, women, black persons, and African Americans.

86. At all material times, HARRIS engaged in protected activity when she opposed VERIZON'S unlawful acts and complained of same to VERIZON'S upper management and when she opposed the conduct.

87. Because of HARRIS' complaints of unlawful discrimination and opposition, VERIZON subjected HARRIS to numerous adverse actions intending to stop her from making complaints. VERIZON punished her, put her in danger, and terminated her employment.

14

88. At all material times, VERIZON's harassment, increased duties, increased scrutiny, and termination of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination and her opposition to the conduct.

89. At all material times, Defendant VERIZON has discriminated against and harassed HARRIS in the terms and conditions of her employment and denied HARRIS continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

90. At all material times, Defendant VERIZON knew of the above and failed to take prompt remedial action or steps to reassure HARRIS that complaints of discrimination would be quickly corrected.

91. HARRIS has been damaged by the illegal conduct of VERIZON.

## COUNT III: NEGLIGENT RETENTION
## [AGAINST DEFENDANT]

92. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

93. At all material times, VERIZON negligently retained managers and employees who engaged in unlawful discriminatory and retaliatory conduct against HARRIS and others.

94. HARRIS constantly complained to upper management; therefore VERIZON was aware that these managers were dangerous, incompetent, and a threat to do harm to employees under their supervision or working in their office.

95. At all material times, VERIZON negligently retained these employees, supervisors and Human Resource employees even though they failed to respond to and address unlawful acts in their office.

96. VERIZON was aware of complaints against comparators and did not take appropriate disciplinary action to train them to act according to law without discriminating against their peers.

97. At all material times, VERIZON knew or should have known that VERIZON's manager, REINMUTH and Human Resource employees were dangerous, incompetent, and a threat to do harm to employees under their supervision or working in their office.

98. VERIZON failed to investigate HARRIS' claims and/or discharge or reassign employees that harassed HARRIS.

99. As direct and proximate consequences of VERIZON's breach of responsibility and negligent retention of such managers and employees, HARRIS has suffered serious physical, psychological, and emotional injuries that have required, or will require in the future, medical and psychological treatment.

100. VERIZON is responsible under either a theory of vicarious or direct liability.

## COUNT IV: NEGLIGENT SUPERVISION
## [AGAINST DEFENDANT]

101. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

16

102. At all material times, VERIZON negligently trained and supervised their managers and employees.

103. VERSION employees, engaged in unlawful discriminatory and retaliatory conduct against HARRIS.

104. At all material times, VERIZON negligently trained their supervisors and Human Resource employees. VERIZON employees repetitively failed to respond to and address unlawful acts in their office.

105. VERIZON was aware of complaints against comparators and did not take appropriate disciplinary action to train them to act according to law without discriminating against their peers.

106. VERIZON consistently failed to monitor their workers appropriately.

107. VERIZON failed to control and take action regarding all particular instances of discrimination against HARRIS by her coworkers and supervisors.

108. At all material times, VERIZON knew or should have known that VERIZON's manager, REINMUTH and Human Resource employees were dangerous, incompetent, and a threat to do harm to employees under their supervision or working in their office.

109. VERIZON was aware or should have become aware of the frequent harassment faced by HARRIS because she personally complained to management on various occasions. VERIZON owed a duty to Plaintiff to protect her from

17

unwanted harassment and mental anguish. VERIZON breached its duty by failing

to take action.

110. As direct and proximate consequences of VERIZON's negligent supervision of

such managers and employees, HARRIS has suffered serious physical,

psychological, and emotional injuries that have required, or will require in the

future, medical and psychological treatment.

111. VERIZON is responsible under either a theory of vicarious or direct liability.

| 1. | **COUNT V: DISCRIMINATION** |
|---|---|
| 2. | **UNDER FEDERAL LAW 42 U.S.C. § 1981** |
|  | **[AGAINST DEFENDANT]** |

112. Plaintiff reiterates and realleges all of the allegations contained in paragraphs

one (1) through seventy-three (73) above as though fully set forth herein.

113. 42 USC § 1981 states in relevant part as follows:

Statement of equal rights All persons within the jurisdiction of the United
States shall have the same right in every State and Territory to make and
enforce contracts, to sue, be parties, give evidence, and to the full and
equal benefit of all laws and proceedings for the security of persons and
property as is enjoyed by white citizens, and shall be subject to like
punishment, pains, penalties, taxes, licenses, and exactions of every kind,
and to no other. (b) "Make and enforce contracts" defined for purposes of
this section, the term "make and enforce contracts" includes the making,
performance, modification, and termination of contracts, and the
enjoyment of all benefits, privileges, terms, and conditions of the
contractual relationship. 42 U.S.C.A. § 1981.

114. At all material times, HARRIS an African American, black, lesbian woman, was

discriminated against by VERIZON because of her race, ancestry and ethnicity

as provided under 42 USC § 1981 and has suffered damages as set forth herein.

115. At all material times throughout 2018 and 2019, VERIZON unlawfully discriminated against and terminated HARRIS because of her race, color, ancestry and ethnicity. By way of example, VERIZON subjected HARRIS to unlawful discrimination at the workplace based on conduct toward her and comments about her race and color; and VERIZON allowed their managers and employees to engage in discriminatory practices against HARRIS.

116. At all material times, HARRIS' termination and increased duties by VERIZON was a "significant change" in her employment status.

117. At all material times, Plaintiff was discriminated against by VERIZON because of her race, color, ancestry and ethnicity as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

118. At all material times, VERIZON allowed the unlawful discrimination towards HARRIS and employees of her same race, color, ancestry and ethnicity to continue.

119. HARRIS has been damaged by the illegal conduct of VERIZON.

3.
4.                    **COUNT VI: RETALIATION**
        **UNDER FEDERAL LAW 42 U.S.C. § 1981**
                **[AGAINST DEFENDANT]**

120. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

121. 42 USC § 1981 states in relevant part as follows:

Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

122. At all material times, HARRIS, an African American, black, lesbian woman, was discriminated against by Defendant VERIZON because of her race, ancestry and ethnicity as provided under 42 USC § 1981 and has suffered damages as set forth herein.

123. At all material times throughout 2018 and 2019, VERIZON subjected HARRIS to unlawful discrimination at the workplace based on their conduct toward and comments about African Americans and persons of color, like Plaintiff.

124. At all material times, HARRIS engaged in protected activity when she opposed VERIZON's unlawful acts and complained of these unlawful acts to VERIZON's upper management and when she opposed the conduct.

125. Because of HARRIS' complaints of unlawful discrimination and opposition, VERIZON subjected HARRIS to numerous adverse actions intending to stop her from making complaints, punish her, put her in danger, and terminate her.

126. At all material times, VERIZON'S harassment, increased duties, increased scrutiny, and termination of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination and her opposition to the conduct.

127. At all material times, VERIZON has discriminated against and harassed HARRIS in the terms and conditions of her employment and has denied HARRIS continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

128. At all material times, VERIZON knew of the hostile work environment and failed to take prompt remedial action or steps to reassure HARRIS that complaints of discrimination would be quickly corrected.

129. At all material times, VERIZON violated 42 U.S.C.A. § 1981 by unlawfully discriminating retaliating against HARRIS based discrimination complaints.

130. VERIZON has discriminated against and harassed HARRIS in the terms and conditions of her employment and has denied HARRIS continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

131. Plaintiff claims unlawful retaliation under 42 U.S.C. 1981 for opposition to Defendant's unlawful employment practices and has suffered damages as set forth herein.

**COUNT VII DISCRIMINATION**

**IN VIOLATION OF Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) ("Title VII")**

**[AGAINST DEFENDANT]**

132. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

133. At all times relevant to this action, Plaintiff was and is a black, African American, lesbian woman.

134. At all material times throughout 2018 and 2019, Defendant VERIZON subjected HARRIS to unlawful discrimination at the workplace based on conduct toward her and comments about the LGBTQ community, women, black persons, and African Americans.

135. At all material times throughout 2018 and 2019, VERIZON allowed their managers and employees to engage in discriminatory practices which resulted in HARRIS being subjected to a discriminatory hostile work environment in violation of Title VII.

136. Title VII prohibits disparate treatment based on sex, which may include treatment based on sex-based stereotypes.

137. At all material times, VERIZON's harassment of HARRIS was, in whole or in part because she is a black African American lesbian woman.

138. HARRIS is a member of a protected class; she was qualified for the position she held; was terminated and therefore suffered an adverse employment action;

139. VERIZON treated HARRIS less favorably than all similarly situated non-black male employees, outside of her protected class.

22

140. At all material times, VERIZON was prohibited under Title VII from discriminating against HARRIS because of her sex/gender, sexual orientation, race, and color with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

141. At all material times, VERIZON violated Title VII by unlawfully discriminating against HARRIS based on her sex/gender, sexual orientation, race, and color.

142. HARRIS has been damaged by the illegal conduct of VERIZON.

## COUNT VIII RETALIATION

### IN VIOLATION OF Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) ("Title VII")

### [AGAINST DEFENDANT]

143. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

144. At all times relevant to this action, HARRIS was and is a black, African American, lesbian woman.

145. At all material times, VERIZON subjected HARRIS to unlawful discrimination at the workplace based on conduct toward her and inappropriate comments about the LGBTQ community, women, black persons, and African Americans.

146. At all material times, HARRIS engaged in protected activity when she opposed Defendant VERIZON's unlawful acts and complained of these unlawful acts to VERIZON's upper management and when she opposed the conduct.

147. Because of HARRIS' complaints of unlawful discrimination and opposition, VERIZON subjected HARRIS to numerous adverse actions intending to stop her from making complaints, punish her, put her in danger, and terminate her.

148. At all material times, VERIZON's harassment, increased duties, increased scrutiny, and termination of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination and her opposition to the conduct.

149. At all material times, Defendant VERIZON has discriminated against and harassed HARRIS in the terms and conditions of her employment and denied HARRIS continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

150. Title VII prohibits retaliation for protected activity. Protected activity can include actions such as filing a charge of discrimination and complaining to one's employer about job discrimination,

151. At all material times, VERIZON violated Title VII by unlawfully discriminating retaliating against HARRIS based discrimination complaints.

152. At all material times, Defendant VERIZON knew of the hostile work environment created by VERIZON employees and failed to take prompt remedial action or steps to reassure HARRIS that complaints of discrimination would be quickly corrected.

153. HARRIS has been damaged by the illegal conduct of VERIZON.

24

## COUNT IX: HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) ("Title VII")
### [AGAINST DEFENDANT]

154. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

155. At all times relevant to this action, HARRIS was and is a black African American lesbian woman.

156. At all material times, Defendant VERIZON subjected HARRIS to unlawful discrimination at the workplace based on conduct toward her and inappropriate comments about the LGBTQ community, women, black persons, and African Americans.

157. At all material times, HARRIS engaged in protected activity when she opposed Defendant VERIZON's unlawful acts and complained of these unlawful acts to VERIZON's upper management and when she opposed the conduct.

158. Because of HARRIS' complaints of unlawful discrimination and opposition, VERIZON subjected HARRIS to numerous adverse actions intending to stop her from making complaints, punish her, put her in danger, and terminate her.

159. At all material times, VERIZON's harassment, increased duties, increased scrutiny, and termination of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination and her opposition to the conduct.

25

160. Requiring a person to work in a discriminatorily hostile or abusive environment violates Title VII.

161. At all material times, Defendant VERIZON has discriminated against and harassed HARRIS in the terms and conditions of her employment, and forced HARRIS to work in a continuously hostile environment.

162. Title VII prohibits sexual or sex-based harassment. Harassment may violate Title VII if it is sufficiently frequent or severe to create a hostile work environment, or if it results in a "tangible employment action," such as refusal to hire or promote, firing, or demotion.

163. HARRIS belongs to a protected group because of her gender, race and sexual orientation, she has been subject to repetitive unwelcome harassment base on her race, color, and national origin. The harassment was sufficiently severe or pervasive to alter the terms and conditions of HARRIS' employment up until her termination and created a discriminatorily abusive working environment, and VERIZON is responsible for such environment under either a theory of vicarious or direct liability.

164. At all material times, Defendant VERIZON knew of the hostile work environment and failed to take prompt remedial action or steps to reassure HARRIS that complaints of discrimination would be quickly corrected in violation of Title VII.

165. VERIZON terminated HARRIS after submitting her to a hostile work environment and constant harassment from her co-workers and supervisors.

26

166. HARRIS has been damaged by the illegal conduct of VERIZON.

## COUNT X: WRONGFUL TERMINATION
## IN VIOLATION OF Title VII of the Civil Rights Act of 1964, as amended, 42
## U.S.C. § 2000e(b) ("Title VII")
## [AGAINST DEFENDANT]

167. Plaintiff reiterates and realleges all of the allegations contained in paragraphs one (1) through seventy-three (73) above as though fully set forth herein.

168. At all times relevant to this action, Plaintiff was and is a black African American lesbian woman.

169. Title VII prohibits employers from firing an employee because of race, color, religion, sex and national origin.

170. At all material times, HARRIS engaged in protected activity when she opposed Defendant VERIZON's unlawful acts and complained of these unlawful acts to VERIZON's upper management and when she opposed the conduct.

171. VERIZON wrongfully and purposely terminated HARRIS due to her race, gender and color and because of her repetitive complaints of unlawful discrimination.

172. HARRIS has been damaged by the illegal conduct of VERIZON.

## CONCLUSION

173. Plaintiff was qualified for employment but was retaliated, and discriminated against, forced to work with disrespectful and insulting colleagues in a hostile environment and ultimately terminated because of her race, gender, ethnicity and sexual orientation.

27

174. Defendant VERIZON's discriminatory conduct towards Plaintiff is in violation of FCRA, Florida Statutes, Tittle VII, 42 U.S.C. § 1981 and other applicable state and federal law, and jurisprudence.

175. As a direct and proximate result of Defendant VERIZON's discriminatory conduct, Plaintiff suffered economic loss, emotional distress, loss of dignity, mental anguish and suffering.

176. As a direct and proximate result of Defendant VERIZON's discriminatory conduct, Plaintiff has been required to retain the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

**WHEREFORE,** CRYSTAL HARRIS, respectfully requests the Court enter judgment against Defendant CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and award her damages and relief, including, but not necessarily limited to:

a. Compensation for all economic and compensatory damages allowed by law;

b. Compensation for Plaintiff's mental anguish, pain and suffering, emotional distress, loss of dignity, and other non-pecuniary losses;

c. An award of reasonable attorney's fees and costs;

d. Such other additional legal, equitable, or injunctive relief as may be just and proper

28

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: March 11th, 2021
Orlando, Florida

Respectfully submitted,

Shannon A. Ligon, Esquire
Bar # 59191
Ligon Law Group, LLC d/b/a
PrettySMART Law
Miami, FL 33132
888-779-7426

PrettySMARTLaw@gmail.coms
SALigon@FLTrialLawyers.com
info@FLTrialLawyers.com

29

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2019-02255 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr, Ms, Mrs) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Crystal T. Harris | (334) 435-9022 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 13773 Yarmouth Dr., Village Of Wellington, FL 33414 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VERIZON | Over 500 | (334) 435-9022 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2615 Okeechobee Blvd., West Palm Beach, FL 33414 | |

DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☒ OTHER (Sexual Orientation)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2018   Latest: 02-21-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an African American Lesbian who began working for the company on June 16, 2014. I was promoted and transferred from Huntsville, Alabama to a Florida location on or around June 2018 while being under the Women of Wireless in Leadership Development Program. During my employment, I have been an excellent employee with no significant history of disciplinary, attendance or performance issues. My most current position is Solutions Manager. I am the only Black Female at my work location.

Since my transfer, I have been subjected to unlawful discriminatory behavior, different terms and conditions of my employment, condescending comments and highly offensive remarks about black women from Representatives, Chase Chiamardas, Andrew Sheets and Vernon Early (all White Males) and General Manager Lasaun Davis (Black/Male), because of my race and sexual orientation. I have been unfairly disciplined for minor things, which notably other similarly situated employees commit but are not disciplined for. Despite several attempts to resolve the issues internally by formally complaining to General Manager Davis, District Manager, Brandon Poe (White/Male), Director Jorge Zapata (White/Hispanic) and to Regional HR Manager, Maria Keenan (White/Hispanic), nothing has been done to effectively address or correct the hostile working conditions. In retaliation for having complained about my situation, I was subjected to a progressive discipline process and subsequently terminated from my position on February 21, 2019.

Thus, for the reasons specified herein, I believe that I have been discriminated and retaliated against because of my race (Black), my sex (Female), and my sexual orientation (Lesbian), in violation of Title VII of the Civil Rights Act of 1967, as amended, and for participating in an activity protected by Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Jun 06, 2019 _____ Date   Charging Party Signature | |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# EXHIBIT B

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Crystal T. Harris<br>13773 Yarmouth Drive<br>Village Of Wellington, FL 33414 | From:  Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-02255 | Debbie Slater,<br>Investigator | (786) 648-5818 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

| | | |
|---|---|---|
| Enclosures(s) | *[signature]*<br>Michael J. Farrell,<br>District Director | MAR 11 2020<br>*(Date Mailed)* |

cc:

**Respondent's Representative:**

Jennifer Hellstern, EEO Consultant

Human Resources
CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS
1 Verizon Way
Vc34w453
Basking Ridge, NJ 07920

**Charging Party's Representative:**

Shannon Ligon, Esq.

Ligon Law Group d/b/a PrettySmart Law
100 N. Biscayne Blvd.
Suite 1114
Miami, FL 33132

# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
#### PALM BEACH COUNTY

**CASE NUMBER: 50-2021-CA-003334-XXXX-MB**
**CASE STYLE: HARRIS, CRYSTAL V CELLCO PARTNERSHIP DBA VERIZON WIRELESS**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |

To view a document, click on the document icon 📄 in the left column.

Documents with a lock icon 🔒 are viewable on request (VOR) to protect confidential information. Click on the lock icon 🔒 to request the document. VOR documents are reviewed and then generally become available online within three business days of request.

A clock icon 🕐 means a VOR document is 'In Process' and being reviewed. Click on the clock icon 🕐 to request email notification when the document becomes available online.

Public = 📄      VOR = 🔒      In Process = 🕐      Page Size: 25

| | Docket Number | Effective Date | Description | Notes |
|---|---|---|---|---|
| 📄 | 1 | 03/11/2021 | CIVIL COVER SHEET | F/B PLT |
| 📄 | 2 | 03/11/2021 | COMPLAINT | FOR DAMAGES AND DEMAND FOR JURY TRIAL F/B PLT |
| 📄 | 3 | 03/12/2021 | PAID $401.00 ON RECEIPT 3945123 | $401.00 3945123 Fully Paid |
| | 4 | 04/01/2021 | DIVISION ASSIGNMENT | AB: Circuit Civil Central - AB (Civil) |
| 📄 | 5 | 06/01/2021 | SUMMONS ISSUED | PrettySMARTLaw@gmail.com;PrettySMARTLaw@gmail.com;PrettySMARTLaw@gmail.com AS TO DFT CELLCO PARTNERSHIP DBA VERIZON WIRELESS |
| 📄 | 6 | 06/01/2021 | PAID $10.00 ON RECEIPT 4047990 | $10.00 4047990 Fully Paid |